UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ASSETS RECOVERY CENTER
INVESTMENTS, LLC,

                Plaintiff,

    -against-

COURTNEY SMITH, et al.,

                Defendants.
------------------------------------------------------------x

**NOT FOR PUBLICATION**
**MEMORANDUM & ORDER**
13-CV-0253 (CBA)

**AMON, Chief United States District Judge.**

On January 16, 2013, plaintiff Assets Recovery Center Investments, LLC commenced this foreclosure action against defendants Courtney Smith, Sara Safiullah, the New York City Parking Violations Bureau, the New York City Environmental Control Board, the New York City Transit Adjudication Bureau, and various John Does Nos. 1 through 12, seeking to foreclose on a mortgage encumbering a property owned by defendants Smith and Safiullah. (Compl. ¶¶ 1, 3, Docket Entry ("D.E.") # 1.) Defendants Smith and Safiullah filed an answer on February 25, 2013 asserting various affirmative defenses and counterclaims. (D.E. # 10.) On September 23, 2013, plaintiff moved for an order: (1) granting summary judgment in its favor pursuant to Federal Rule of Civil Procedure 56(a); (2) striking, pursuant to Federal Rule of Civil Procedure 12(f), the affirmative defenses and counterclaims asserted by defendants Smith and Safiullah; (3) substituting John Smith in place of John Doe No. 1 in the caption, and dismissing the claims against John Does Nos. 2 through 12 from the action; and (4) entering a default against the non-appearing defendants New York City Parking Violations Bureau, New York City Environmental Control Board, and New York City Transit Adjudication Bureau. (D.E. # 24.)

The Court subsequently referred the matter to Magistrate Judge Cheryl L. Pollak for report and recommendation. On March 12, 2014, Magistrate Judge Pollak issued a Report and Recommendation ("R&R") recommending that the Court (1) deny plaintiff's motion for summary judgment; (2) deny plaintiff's motion to strike defendants' affirmative defenses and counterclaims; (3) grant plaintiff's motion to substitute John Smith for John Doe No. 1 and dismiss the claims against the remaining John Does; and (4) deny plaintiff's motion to enter default against the non-appearing defendants.

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). The Court has reviewed the record and, finding no clear error, hereby adopts Magistrate Judge Pollak's R&R as the opinion of the Court. Accordingly, plaintiff's motions are denied, with the exception that plaintiff's motion to substitute John Smith for John Doe No. 1 and dismiss the claims against the remaining John Does is granted.

SO ORDERED.

Dated: Brooklyn, New York
      July /l , 2014

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge