UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

ASSETS RECOVERY CENTER
INVESTMENTS, LLC,

               Plaintiff,

   -against-

COURTNEY SMITH; SARA SAFFIULAH;
NEW YORK CITY PARKING VIOLATIONS
BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD;
NEW YORK CITY TRANSIT ADJUDICATION
BUREAU; and JOHN SMITH,

               Defendants.

-------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 8 - 2016 ★

**BROOKLYN OFFICE**

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-253 (CBA)(CLP)

**AMON, Chief United States District Judge:**

On January 16, 2013, plaintiff Assets Recovery 24, LLC, ("Assets Recovery"), brought this action to foreclose on a mortgage encumbering the property located at 1411 Pacific Street in Brooklyn, New York. On September 22, 2015, this Court granted summary judgment in favor of Assets Recovery and referred the matter to the Honorable Cheryl L. Pollak, United States Magistrate Judge, for a Report and Recommendation ("R&R") assessing damages. (D.E. # 58.) On February 1, 2016, Magistrate Judge Pollak issued an R&R recommending that Assets Recovery be awarded: (1) $765,432.35 in unpaid principal under the note; (2) $8,246.48 in late charges; (3) $386,303.00 in interest; and (4) $23,601.50 in taxes and insurance advances.

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks

1

and citation omitted). No party has objected to the R&R, and the time for doing so has passed. Having reviewed the record for clear error, the Court now adopts the R&R in part with the following additional discussion.

The R&R recommended that a monthly late charge of $93.71 be assessed for the period October 1, 2008—the date on which defendants Courtney Smith and Sara Safiullah defaulted on the note, prompting Assets Recovery to foreclose on the underlying mortgage—to January 20, 2016, for a total award of $8,246.48. The Court finds no clear error in Magistrate Judge Pollak's assessment of the monthly late charge in the amount of $93.71, but concludes that Assets Recovery is entitled to recover monthly late fees only for the period October 1, 2008, to January 16, 2013—the date on which this action was filed. (D.E. # 1, Compl.)

"Late charges owing under a mortgage may be awarded to a plaintiff in a foreclosure action." Fed. Home Loan Mortg. Corp. v. Perez, No. 91-CV-0812 (JBW), 1992 WL 350595, at *2 (E.D.N.Y. Nov. 23, 1992). "Under New York law, [however,] '[i]n the absence of a provision in the mortgage to the contrary, the collection of late fees after a mortgage note has been accelerated is impermissible.'" 4 B's Realty 1530 CR39, LLC v. Toscano, 818 F. Supp. 2d 654, 662 (E.D.N.Y. 2011) (quoting Carreras v. Weinreb, 826 N.Y.S.2d 72, 74 (2d Dep't 2006)). The rationale for this rule is simple: it would be "inconsistent to allow a lending institution to accelerate a note, thereby denying the debtor the right under the mortgage note to make monthly installments and [at the same time] to continue to insist on its own right under the note to impose monthly late charges." Id. (quoting Green Point Sav. Bank v. Varana, 653 N.Y.S.2d 656, 657 (2d Dep't 1997)).

Here, the relevant provision of the note states: "If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 2.000% of my overdue

2

payment of principal and interest. I will pay this late charge promptly but only once on each late payment." (D.E. # 41-4, Affirm. of Alan H. Weinreb, Ex. A. ¶ 7(A) ("Note").) This provision contains no reference to post-acceleration collection of late fees, and the Court has not identified any such provision in the note or underlying mortgage. Cf. Orix Credit Alliance Inc. v. Bell Realty, Inc., No. 94-CV-4949 (LAP), 1995 WL 505891, at *9 & n.14 (S.D.N.Y. Aug. 23, 1995) (awarding late fees that accrued after finding that "the Note unequivocally provides for the imposition of late charges after default and acceleration" where the Note specifically stated the rate at which late fees would be charged after acceleration). Moreover, the provision governing default makes no specific reference to late charges. (See Note ¶ 7(B).)

In light of these provisions, the Court concludes that Assets Recovery is not entitled to post-acceleration late fees. See 4B's Realty, 818 F. Supp. 2d at 663 (concluding that post-acceleration late charges were not appropriate where not explicitly provided for in the note and where the note's acceleration provision did not refer to late charges). Accordingly, the Court modifies the recommended award of late charges to include only the amounts that accrued prior to the commencement of the foreclosure action. See id.; see also Centerbank v. D'Assaro, 600 N.Y.S.2d 1015, 1017 (N.Y. Sup. Ct. 1993) (concluding that filing mortgage foreclosure action accelerated payment of the debt and repudiated the right of the mortgagor to make installment payments, terminating the mortgagor's obligation to pay late fees and charges as of the time of service of the summons and complaint). Assets Recovery is therefore entitled to recover late fees of $93.71 per month for the 52 month period between October 1, 2008, and January 16, 2013, for a total award of $4,872.92 in late charges.

**CONCLUSION**

The Court concludes that Assets Recovery is entitled to the following amounts: (1) $765,432.35 for repayment of the principal amount due under the note; (2) $4,872.92 in late fees; (3) interest on the principal from October 1, 2008 through the date of entry of judgment at a per diem rate of $142.60[1]; and (4) $22,472.75[2] in taxes and insurance advances.

To facilitate the resolution of this action, Assets Recovery shall submit within one week of the date of this Order (1) a revised proposed Judgment of Foreclosure and Sale consistent with this Order, which includes space for the Court to insert the amount of interest as appropriate on the date judgment is entered and identifies a location to hold the auction other than the Theodore Roosevelt United States Courthouse, and (2) a letter informing the Court how Assets Recovery intends to proceed with respect to the remaining defendants.

SO ORDERED.

Dated: April 8, 2016
Brooklyn, New York

_____
Carol Bagley Amon
Chief United States District Judge

---

[1] This figure differs from the R&R because additional interest has accrued since the R&R was issued. Assets Recovery is entitled to interest in the per diem amount of $142.60 from October 1, 2008, through the date of entry of judgment. The award of interest on the unpaid principal has been modified accordingly.

[2] This figure differs from the R&R because the loan servicing history provided by Assets Recovery lists $22,472.75 as the total for taxes and insurance advances incurred between May 24, 2013, and September 28, 2014. The loan servicing history identifies three total amounts expended over that period: (1) $22,472.75 for taxes and insurance advances, listed in the "T&I Bal/T&I Amt" column; (2) $1,128.75 for unspecified bank fees, listed in the "Fcl/Bank Fee/Loss Draft" column; and (3) $23,601.50—the sum of the first two figures—in the "Grand Totals" column. (D.E. # 59-1 at 9.) The "Grand Totals" column thus includes amounts incurred for expenses other than taxes and insurance advances. These additional fees are not discussed in the supporting affidavit or otherwise explained by Assets Recovery, and Assets Recovery only sought fees from the "T&I Bal/T&I Amt" column. (Id. ¶ 5.) The award for taxes and insurance advances has been modified accordingly.